FRANK SAILER

*v.*

EMMA E. PODOLSKI.

[Submitted January 27th, 1913. Determined March 5th, 1913.]

1. A restrictive building covenant relating to porches provided that "no building shall be erected having its porch floor higher than nine feet above the established grade of streets bounding said lots." The porches of the proposed building, as designed, are admittedly to be more than nine feet above the established street grade. But the covenant above quoted forms a part of a covenant relating to the location of the building with reference to the exterior boundaries of the lot, which latter covenant provides that "the main body of no building shall be erected nearer the front property line of any avenue than twelve feet," and that "bay windows may be erected within the restricted space, provided they do not extend over two feet from the main body of the building." Then follows the covenant touching porches above quoted.—*Held*, that the covenant, being limited in matters of location to the main body of the building, clearly contemplates the erection of porches extending into the restricted space, but restricts their height. In reading this restriction touching porches in connection with the other parts of the covenant, it is impossible to say, with certainty, that it relates to porches other than those which extend into the restricted space.

2. The rule that covenants of this nature, if vague or uncertain, cannot be enforced by this court, clearly forbids preliminary relief in this suit based on the porch covenant.

3. Another covenant providing "that no building shall be erected or used except for cottage resident purposes, hotels and drug stores" is violated where the building in question is being erected for use as a flat or apartment-house..

4. A preliminary writ should not be issued, inasmuch as the exact conditions can be more accurately ascertained at final hearing and no substantial injury will be suffered by complainant in the interim. If defendant persists in his present purpose and erects a building violative of the restrictive covenants here in question, he does so at his peril, and complainant will, at final hearing, become entitled to a mandatory writ.

On bill, &c., for injunction. Hearing at return of order to show cause for preliminary injunction.

*Mr. Theodore W. Schimpf* and *Mr. James M. Sheen,* for the complainant.

*Messrs. Bourgeois & Coulomb,* for the defendant.

LEAMING, V. C.

Complainant seeks a preliminary injunction to prevent defendant from erecting a proposed building in violation of the terms of two certain restrictive building covenants. One of the covenants is as follows: "No building shall be erected having its porch floor higher than nine feet above the established grade of streets bounding said lots."

The porches of the proposed building, as designed, are admittedly to be more than nine feet above the established street grade. But the covenant above quoted forms a part of a covenant relating to the location of the building with reference to the exterior boundaries of the lot. The covenant provides that "the main body of no building shall be erected nearer the front property line of any avenue than twelve feet." It then provides that "bay windows may be erected within the restricted space, provided they do not extend over two feet from the main body of the building." Then follows the covenant touching porches above quoted. This porch covenant is, undoubtedly, explicit in its inhibition of porches more than nine feet above the street grade. It will be observed, however, that the covenant primarily relates to and restricts the location of the "main body" of the building. Bay windows, which might be claimed to be a part of the main body of a building, are then permitted to extend two feet into the restricted space. It follows that the covenant, being limited in matters of location to the main body of the building, clearly contemplates the erection of porches extending into the restricted space, but restricts their height. In reading this restriction touching porches in connection with the other parts of the covenant, it seems clearly impossible to say with certainty that it relates to porches other than those which extend into the restricted space. The porches here in question will not extend into the restricted space. The main body of the building is located so far away from the street that the proposed porches will be wholly

between the main body of the building and the restricted territory. The rule that covenants of this nature, if vague or uncertain, cannot be enforced by this court, has been applied by our court of last resort with strictness which clearly forbids preliminary relief in this suit based on the porch covenant. *Fortesque* v. *Carroll, 76 N. J. Eq. (6 Buch.) 583.*

The other covenant which complainant seeks to enforce is as follows: "That no building shall be erected or used except for cottage resident purposes, hotels and drug stores." The claim of complainant is that the building in question is being erected for use as a flat or apartment-house. There is, undoubtedly, great force in the contention of complainant. Flats and apartment-houses, as those terms are now used, have been clearly described and defined by this court in *Skillman* v. *Smatheurst, 57 N. J. Eq. (12 Dick.) 1; Lignot* v. *Jaekle, 72 N. J. Eq. (2 Buch.) 233,* and *Koch* v. *Gorruflo, 77 N. J. Eq. (7 Buch.) 172.* That the general nature and probable proposed use of the building which defendant is erecting is that defined in the cases above cited as an apartment-house, I think there is but little doubt. Nor am I at present inclined to the view that any considerable doubt can be said to exist as to the meaning of the clause "cottage resident purposes," especially in a covenant touching a building at a sea-side resort.

I do not think, however, that a preliminary writ should be issued. The exact conditions can be more accurately ascertained at final hearing and no substantial injury will be suffered by complainant in the interim. If defendant persists in his present purpose and erects a building violative of the restrictive covenants here in question, he does so at his peril, and complainant will, at final hearing, become entitled to a mandatory writ.